Filed 9/9/16  P. v. Williams CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARRON GENE WILLIAMS,<br><br>Defendant and Appellant. | F071635<br><br>(Fresno Super. Ct. No. F15900061)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Mark J. Shusted, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Darron Gene Williams pleaded no contest to several felony counts based on presenting a fraudulent check to pay for medical services and was sentenced to 32 months in prison. On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On January 2, 2015, Selma Police Officer Caci Fain went to the Logan Street Medical Group to investigate a possible check fraud case in progress. The financial manager reported that defendant was at the clinic and received medical services. He had been to the clinic before. He presented a check to pay for those services, however, the check did not look right, and the manager called the issuing bank and learned the check was no good.

Officer Fain examined the check, which was drawn from the United Local Credit Union of Fresno. There were two names printed on the check as the account holders: "James Edward" and "Linda Chavez." The check was made out to the medical group for $90, and was signed by "James Edward." Defendant's name was not on the check.

Officer Fain spoke to defendant, who was waiting in an examination room, and asked about the check. Defendant said his cousin filled out the check and gave it to him because defendant needed to get some care from the doctor. Fain asked for the cousin's name and additional information. Defendant refused to answer; Fain arrested him.

Defendant was taken to the police department. He was advised of the warnings pursuant to pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 and agreed to answer

---

[1] Given defendant's guilt plea, the following facts are from the preliminary hearing.

2.

questions. Defendant said his cousin filled out and gave the check to him because defendant needed to pay for some medical care at the doctor's office, but he did not have his wallet with him. Officer Fain again asked defendant where his cousin received the check. Defendant became belligerent and refused to answer.

Justin Williamson, an investigator with the district attorney's identity theft unit, located Linda Chavez (Chavez), who reported that her car had been broken into on December 5, 2014. Her purse was stolen and it contained her wallet, identification, checks and credit cards. Chavez said she had a checking account with United Local Credit Union. Chavez did not know defendant or "James Edward." Williamson was unable to locate anyone named "James Edward."

Williamson testified that based on his training and experience, he believed the check that defendant presented to the medical group had been printed on "blank check card stock" normally used to produce payroll checks, along with identification information taken from Chavez's purse.

**Procedural history**

On March 12, 2015, a first amended information was filed in the Superior Court of Fresno County charging defendant with count I, identity theft of Chavez (Pen. Code, § 530.5, subd. (a));[2] count II, second degree commercial burglary of Logan Medical Group (§§ 459, 460, subd. (a)); and count III, forgery (§ 470, subd. (d)), with four prior strike convictions and five prior prison term enhancements.

On March 26, 2015, defendant pleaded no contest to all counts and admitted the special allegations, pursuant to a negotiated disposition for an indicated sentence of 32 months, with a maximum possible sentence of 11 years in state prison.

On April 28, 2015, the court denied defendant's request to dismiss his prior strike convictions. It sentenced defendant to the lower term of 16 months in prison for count I,

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

3.

doubled to 32 months as the second strike term. The court stayed the concurrent terms of 32 months imposed for each of counts II and II pursuant to section 654, and ordered the prior prison term enhancements stricken.

On May 11, 2015, defendant filed a notice of appeal, and requested a certificate of probable cause because of possible "plea sentencing issues." The request was denied.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on September 24, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.